901 F.2d 1131
 284 U.S.App.D.C. 79
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Edward OLEABHIELE, Appellant.
 No. 89-3136.
 United States Court of Appeals, District of Columbia Circuit.
 April 20, 1990.
 
 Before SILBERMAN, STEPHEN F. WILLIAMS and CLARENCE THOMAS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came on to be heard on the record on appeal from the United States District Court for the District of Columbia, and was briefed and argued by counsel. While the issues presented occasion no need for an opinion, they have been accorded full consideration by the Court. See D.C.Cir.R. 14(c) (August 1, 1987). On consideration thereof, it is
 
 
 2
 ORDERED and ADJUDGED, by this Court, that the judgment of the District Court appealed from in this case is hereby affirmed. We find no merit in appellant's claim that he was denied effective assistance of counsel in violation of the Sixth Amendment. Under Strickland v. Washington, 466 U.S. 668 (1984), appellant must demonstrate that his counsel's performance fell below "an objective standard of reasonableness" which prejudiced the outcome of the case. See id. at 687-88. After reviewing the record, we conclude that appellant's trial counsel performed reasonably well in what was a relatively uncomplicated case. As to appellant's second contention that insufficient evidence existed to convict him, we need only point to the highly damaging testimony of two trial witnesses and the appellant's own presence in the Washington hotel room to dismiss that argument. A reasonable jury can certainly find appellant guilty based on such evidence. It is
 
 
 3
 FURTHER ORDERED, by this Court, sua sponte, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2) (August 1, 1987). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.